IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT JOHNATHAN WALKER, § | |
| (TDCJ # 1248654) § | |
| § | |
| VS. § | CIVIL ACTION NO.4:04-CV-952-Y |
| § | |
| § | |
| HOOD COUNTY, TEXAS, et al. § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)(1),
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

Plaintiff Robert Johnathan Walker, a prisoner presently housed at the Texas Department of Criminal Justice-Powledge Unit, was permitted by the magistrate judge to proceed herein pursuant to 28 U.S.C. § 1915, with the filing fee to be collected as required by the Prison Litigation Reform Act (PLRA). In Walker's form civil-rights complaint seeking relief under 42 U.S.C. § 1983, he names as defendants Hood County, Texas; Allen Hardin, Sheriff, Hood County, Texas; and Officer Carter, Hood County jail. (Compl. Style; ¶ IV(B).) In the form complaint, Walker alleges that when he was transferred from the custody of the Tarrant County jail to the Hood County jail, several items of personal property that were transferred to Hood County in a property bag with him, have now been either stolen, lost or misplaced. (Compl. § IV(B); § V.) Specifically, Walker alleges that Hood County should have two of his watches, including an antique "Ebel" brand, a black leather wallet, a raincoat, and an old coin. (Compl. § V; attachment pages.) Walker contends that Sheriff Hardin allowed the property room to be unlocked, and that Officer Carter allowed the property to be

stolen, lost or misplaced. (Compl. § IV(B).) Walker estimates that the items were valued at a total of over $1,500, and he seeks to have the property returned to him or to be compensated for the loss of the property, and he seeks an order to direct Hood County to adopt new procedures regarding the intake and control of inmate property items. (Compl. ¶ VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2004).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2004); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West Supp. 2004).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Walker's claims in this suit, the Court concludes that they must be dismissed under the authority of these provisions.

In order to assert a claim for violation of his federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendant deprived him of such right while acting under color of law.[6] Plaintiff's allegations as to the deprivation of property fail to satisfy the first element. Walker has not recited the constitutional basis for his claim, but it appears that he is complaining of a loss of property without due process of law.[7] The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law."[8] Under the *Parrat/Hudson* doctrine, a random and unauthorized intentional deprivation of property does not give rise to a violation of the Due

---

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir. 1993).

[7] To the extent Walker claims that the loss of his property was only the result of negligence, such allegation does not state a cause of action under § 1983. *Daniels v. Williams,* 474 U.S. 327, 328 (1986); *Davidson v. Cannon,* 474 U.S. 344, 347 (1986). Where negligence is involved in causing a deprivation of property, no procedure for compensation is constitutionally required. *Id.*

[8] U.S. CONST. amend. XIV § 1.

3

Process Clause if the state provides an adequate post-deprivation remedy.[9] Thus, in challenging a random intentional property deprivation, the claimant must either take advantage of the available remedies or prove that the available remedies are inadequate.[10] Texas law allows recovery of monetary damages for loss of use of property during its period of detention.[11] Because Texas provides an adequate post-deprivation remedy, Walker's claim concerning the taking of his personal property does not rise to a violation of the Due Process Clause.[12] Thus, Plaintiff's allegation concerning the loss of his watches and other personal property does not amount to a violation of a constitutional right, and such claim should be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §§ 1915(e)(2)(B)(i) and(ii).

It is therefore ORDERED that plaintiff Robert Johnathan Walker's

---

[9] *See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996)(discussing the Supreme Court's decisions in *Parratt v. Taylor,* 451 U.S. 527 (1981) and *Hudson v. Palmer,* 468 U.S. 517 (1983), as dictating that a state actor's random and unauthorized deprivation of property does not result in a violation of procedural due process if the state provides an adequate post-deprivation remedy, and explaining "the doctrine protects the state from liability for failing to provide a predeprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers.")

[10] *Hudson,* 468 U.S. at 534-35; *Myers,* 97 F.3d at 94.

[11] *See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994)(In Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss,* 568 S.W.2d 413, 420-21 (Tex.Civ.App.–San Antonio 1978, no writ)(conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights).

[12] *See Hudson,* 468 U.S. at 536 (Noting that even where a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment since the Commonwealth of Virginia provided the prisoner with an adequate post-deprivation remedy.)

claims be, and they are hereby, DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and, alternatively, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

SIGNED April 29, 2005.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE